UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                    Case No. 16-20195

-vs-

                                                    HON. NANCY EDMUNDS

**BRIAN BROWN ,**

        **Defendant.**
_____/

**SENTENCING MEMORANDUM
FOR DEFENDANT BROWN**

On May 23, 2019, Brian Brown pled guilty to felon in possession of a firearm. The charged offense occurred on **December 2, 2015**, more than four years ago. His plea was taken without the benefit of a Rule 11 agreement.

The Probation Department calculated Mr. Brown's sentencing guidelines range at 46-57 months based on a total offense level of 21 and a criminal history category of III. The parties agree with that guideline range.

Sentencing is scheduled for March 4, 2020. The purpose of this memorandum is to encourage the Court to impose a non-custody sentence that includes electronic monitoring in light of Mr. Brown's extensive rehabilitation, family obligations, and present employment.

### I. Legal Standard

This Court must correctly calculate and consider the guidelines in determining the sentence, *Gall v United States,* 552 US 38 (2007), but it may also sentence beneath the guidelines in a particular case as long as the sentence is reasonable. *Kimbrough v United States*, 552 US 85 (2007).

In these decisions, the Supreme Court has approved of the notion that the sentencing judge "has greater familiarity with an individual case and individual defendant than the Commission or the appeals court and is therefore in a superior position to find facts and judge their import under § 3353(a) in each particular case." *Kimbrough, supra*, at 574, quoting *Gall, supra.*

This Court, therefore, may conclude in its discretion that a sentence beneath the guidelines is appropriate based on the following considerations in 18 U.S.C. § 3553(a):

- the nature and circumstances of the offense;

- the history and characteristics of the defendant;

- the seriousness of the offense;

- the need to afford adequate deterrence;

- the need to protect the public from the defendant; and

- the need to avoid creating unwarranted sentence disparities.

Upon consideration of these factors, this Court should impose a sentence that is "sufficient, but not greater than necessary," to satisfy the purposes of sentencing: just punishment, promotion of respect for the law, deterrence, protection of the public, and rehabilitation of the defendant.

In the instant case, for the reasons set forth in this memorandum, the criteria set forth in the sentencing statute will be satisfied by a non-custody sentence that includes electronic monitoring.

## II. The nature and circumstances of the offense

On December 2, 2015, federal agents executed a search warrant at a residence that was utilized at times by Mr. Brown. While searching the master bedroom, agents found a firearm along with clothing and other items that belonged to Mr. Brown. Mr. Brown was not on the premises at the time the warrant was executed.

While it was clearly illegal for Mr. Brown to be in possession of a firearm at any time after being convicted of a felony, it is worth noting that there is nothing in the case to indicate that the firearm found in the house had been possessed and/or carried outside of the house nor is there any allegation that he used it to assault another person.

Therefore, the nature and circumstances of the offense do not suggest that a

custody term is necessary to comply with the provisions of the sentencing statute.

### III. The history and characteristics of the defendant

It is safe to say from a review of the pre-sentence report that Brian Brown suffered through the type of childhood that no child should ever experience. From being physically abused by his father to being encouraged to join both of his parents in selling drugs, Mr. Brown's upbringing was filled with violence and criminality. It is, therefore, no surprise that both of his parents were killed in the streets in 1993. And yet, even with this type of background, it is still astounding to learn that Mr. Brown's father tried to convince him to shoot someone in the head when he was only six years old.[1]

Despite his childhood experience, Mr. Brown has been a good father to his many children, and has been married to his wife for almost nine years.[2] Although he has never had a mental health diagnosis, he believes that he suffers from depression as a result of his upbringing, and would benefit from treatment if available.[3]

The good news for Mr. Brown is that he has been gainfully employed as the

---

[1] Pre-sentence report, ¶ 39

[2] Pre-sentence report, ¶ 41-42

[3] Pre-sentence report, ¶ 46, 76

chief executive officer of his record company for many years, has earned significant income, and has been paying his taxes like any other citizen. The better news is that he submitted his records and tax returns to the Probation Department for verification. His tax returns show that his business had a 2018 gross income in the neighborhood of $1.2 million dollars which enabled him to receive income of over $176,000 himself.[4]

It is also worth noting that Mr. Brown received the Spirit of Detroit Award from the Detroit City Council for his contributions to the city through his record company.[5] The reasons for his receipt of the award are readily apparent from the letters sent to the Court on Mr. Brown's behalf. Although the language used by the letterwriters is not always perfect, the emotions expressed are as plain as day, and indicate that Mr. Brown has been a positive presence in any number of people's lives. And the Court has every right to consider that in determining its sentence.

In summary, Brian Brown has certainly made his share of mistakes in his life and has paid a heavy price for them. What is truly amazing is that despite his own horrendous background, and the time he has spent in prison, Mr. Brown has

---

[4] Pre-sentence report, ¶ 49-53

[5] Pre-sentence report, ¶ 49 (verified by a copy of the certificate)

been able to put together a successful company that has been a tremendous influence on any number of Detroiters. It would truly be a shame for that work to be interrupted by a prison sentence, and defense counsel urges the Court to find an alternative to prison when imposing sentence in this case.

### IV. Guideline calculations - variance

The Probation Department calculated Mr. Brown's sentencing guideline range at 46-57 months based on a total offense level of 21 and a criminal history category of III. The total offense level included a 4-point enhancement because the seized firearm had a partially obliterated serial number. USSG § 2K2.1(b)(4)(B).

Defense counsel has no objection to the calculations of the Probation Department. However, the defense suggests that the Court consider a variance that includes dropping the 4-point enhancement because of the absence of evidence suggesting that Mr. Brown even knew that the serial number was obliterated, let alone obtained the firearm because of the obliterated serial number.[6]

In other words, while the Sentencing Commission had every right to include

---

[6] If the Court were to agree with the defense argument as to variance, the 4-point reduction would reduce the guideline range to 30-37 months.

the enhancement in the guideline calculations, the Court also has the right to consider the circumstances surrounding the seizure of the firearm in deciding whether to vary from the enhancement. And since there is no evidence that Mr. Brown knew of the obliterated serial number, or obtained the firearm for that reason, the Court should grant a variance with respect to this enhancement.

## V. Sentencing alternatives

Rather than imposing a custody sentence, the defense asks the Court to consider different ways of restricting Mr. Brown's freedom without separating him from his family and his business. First, the Court could place him in a Residential Reentry Center (RRC) which would allow him to continue to operate his business while spending evenings at the RRC.

Alternatively, the Court could subject Mr. Brown to electronic monitoring at his home which would serve the same purpose of allowing him to run his company. Mr. Brown has shown by his performance while on bond that he would comply with the electronic monitoring conditions and pose no risk of flight.

## VI. Summary

Had he been raised in different circumstances, Brian Brown would in all likelihood have never stood in front of a federal judge for sentencing. His native intelligence, leadership traits, and ability to launch and run a very successful

business should have been enough to guarantee that he would live a long and law-abiding life.

Unfortunately, Mr. Brown was in fact raised in an environment that almost guaranteed that he would become involved in criminal activity. The question before the Court now is whether he has demonstrated through his conduct over the past four years that he is through with the street life and ready to continue to work, pay his taxes, and live as a law-abiding citizen. Defense counsel suggests that such is the case and that a non-jail sentence is sufficient to satisfy the purposes of the sentencing statute.

## VI. Voluntary surrender

Mr. Brown has appeared in court when required and abided by all the bond conditions set by the Court. On information and belief, the government has no objection to voluntary surrender.

Therefore, the Court should allow Mr. Brown to surrender voluntarily to the designated institution in the event a custody sentence is imposed.

## **CONCLUSION**

Wherefore, Defendant Brown requests that the Court impose a non-custody sentence that includes a term of electronic monitoring.

Respectfully submitted,

s/ Steven Fishman
Steven Fishman (P23049)
Attorney for Defendant Brown
615 Griswold, Suite #1125
Detroit, MI 48226
(313) 920-2001

Dated: February 19, 2020

## **CERTIFICATE OF SERVICE**

I certify that on February 18, 2020, I served a copy of the attached s memorandum upon Steven Cares Assistant United States Attorney, by filing same electronically and by e-mail.

s/ Steven Fishman
Steven Fishman (P23049)
