UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

                                                        CRIMINAL NO. 16-20195

vs.                                     HON. NANCY G. EDMUNDS

BRIAN BROWN,

      Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

In 2015, agents searched Brown's Detroit condo and found a stolen handgun. This evidence was sufficient to arrest him for illegally possessing the gun. (He has a previous drug trafficking felony). Brown pleaded guilty to this gun crime and is set to be sentenced.

## SENTENCING FACTORS

**A.    Brown's guideline range—the lodestar in determining an appropriate sentence—is 46-57 months.**

As anyone who's practiced federal criminal law in the post-*Booker* world knows, the sentencing guidelines are no longer mandatory. But that's not to say they are not important. Indeed, as the Sixth Circuit has recently reminded us, the guidelines are the "starting point" and

"initial benchmark" for determining an appropriate sentence. *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (quoting *United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012) and *Gall v. United States*, 552 U.S. 38, 49 (2007)). In other words, the guidelines are not less significant than the other factors—they are the "lodestar" in the sentencing process. *Molina-Marinez v. United States*, 136 S.Ct. 1338, 1346 (2016).

Here, Brown's guideline range is 46-57 months—based on a Total Offense Level of 21 and a Criminal History Category III.

Brown claims that he did not know the gun had an obliterated serial number—which is important (in part) because it caused a four-point increase to his offense conduct. But this enhancement applies "regardless of whether the defendant knew or had reason to believe" the serial number was obliterated. USSG § 2K1.1, Application Note 8(B). Punishments frequently account for "unintended consequences" of criminal behavior. *United States v. Love*, 364 F. App'x 955, 959 (6th Cir. 2010) (quoting *Dean v. United States*, 566 U.S. 568, 575 (2009)). And that's exactly what the obliterated serial number enhancement does. *Id.*

**B.      Brown has a troubling pattern of criminal activity.**

Brown's criminal history is significant. In 1999, he was indicted for operating a drug trafficking organization that, since 1987, sold cocaine and cocaine base. *United States v. Brown*, 332 F.3d 363, 367 (6th Cir. 2003). At trial on these charges, "[t]he evidence overwhelmingly establishe[d]" that Brown was the "source of drugs and money for the conspiracy." *Id.* at 373. Judge Rosen sentenced him to 188 months in prison (later reduced to 148 months based on the changes to the drug guidelines). (PSR, ¶ 28). He was released from custody in 2010. Brown's adjustment during his supervised release has been "poor." (*Id.*).

Brown cites to his admittedly difficult childhood, support of family and friends, and even a recent "Spirit of Detroit" award. But all these must be weighed alongside Brown's very serious criminal history, including illegal activity that occurred shortly after he was released from his last federal sentence.

**C.      A sentence within the guidelines will help avoid disparities.**

There are no co-defendants here. Nonetheless, courts must strive to avoid disparities among similar defendants. To accomplish this goal,

3

courts look to the guidelines, which exist, in part, "to help ensure that similarly-situated defendants are punished similarly." *United States v. Vassar*, 346 Fed.Appx. 17, 29 (6th Cir. 2009) (citing *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006)). The closer the sentence is to the guidelines, the less likely there will be a disparity. Put differently, the "more out-of-range" a sentence, "the more disparity there will be." *Boscarino*, 437 F.3d at 638. So here, to avoid disparity, an at or near guideline sentence would be appropriate.

## CONCLUSION

Based on all of the § 3553(a) factors, as discussed above, the Court should impose a significant sentence.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*s/Steven P. Cares*
STEVEN P. CARES
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
steven.cares@usdoj.gov
313.226.9139

4

## CERTIFICATION OF SERVICE

I hereby certify that on **February 28, 2020**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

s/Steven P. Cares (P68503)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Phone:  (313) 226-9139
E-mail: steven.cares@usdoj.gov
